IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS ZAMORA, HENRY NEZ, JR.,
HAROLD BROWN and VERNON YAZZIE,
On behalf of themselves and others similarly
situated,

      Plaintiffs,

v.                                                   1:15-cv-01041-RJ-LF

SOUTHWEST GLASS AND GLAZING, INC.
ANTHONY S. BACA, CAROL J. McCARTHY
and KIRA A. SOWANIC, et al.,

      Defendants.

## ORDER ON MOTION TO COMPEL

This matter is before the Court on plaintiffs' Motion to Compel Discovery Responses (Doc. 36).  Defendants filed their response on July 15, 2016 (Doc. 44), and plaintiffs filed a reply on July 29, 2016 (Doc. 53).  The Court held a hearing on the motion on August 16, 2016, which was continued on August 24, 2016.  Having reviewed the filings and the applicable law, and for the reasons stated on the record at the hearing, the Court hereby GRANTS IN PART and DENIES IN PART plaintiffs' motion to compel.  Specifically, the Court rules as follows:

1. The Court holds that the motion to compel was timely filed.

2. The Court declines to impose sanctions against defendants for any alleged discovery violations.

3. For Request of Production (RFP) 2, the Court orders defendants to identify the names of the foreman on each of the 276 public job sites for November 2012 to the present.  Defendants are not required to identify the particular job site on which each foreman worked.

4. For RFP 3, the Court orders defendants to produce a list of the names of all glaziers it employed from November 2012 to the present.

5. For RFP 5, the Court orders defendants to produce responsive documents for all named plaintiffs and consent filers.

6. For RFP 16, the Court orders defendants to produce a representative contract for a public job on which defendants employed one of the named plaintiffs or consent filers between November 2012 to the present.  If plaintiffs want more contracts after reviewing the representative contract, plaintiffs should first confer with defendants, then contact chambers if there is an unresolved dispute.

7. For RFP 17, the Court orders defendants to produce all wage rate decisions for public jobs on which the named plaintiffs and consent filers worked from November 2012 to the present.

8. For RFP 22, the Court orders defendants to produce a representative invoice for a job on which defendants employed one of the named plaintiffs or consent filers between November 2012 to the present to allow plaintiffs to assess whether the invoices are relevant.  If plaintiffs want more invoices after reviewing the representative invoice, plaintiffs should first confer with defendants, then contact chambers if there is an unresolved dispute.

9. For RFP 24, the Court DENIES the Motion to Compel.

10. For RFPs 4 and 6, the Court orders defendants to perform another good faith search for timecards for all plaintiffs and consent filers, and to certify that they have produced all the timecards.  In addition, for the period between November 2012 and the present, the Court orders defendants to produce certified payrolls for the projects on which defendants employed named plaintiffs and consent filers.  Finally, for the period between November 2012 and the present, the Court orders defendants to produce work orders for all public projects on which named plaintiffs and consent filers worked; gold time cards for named plaintiffs and consent filers (if already produced, defendant will so certify); and daily logs by foreman who actively filled out time cards for named plaintiffs and consent filers.

11. For RFP 18, the Court orders defendants to produce all responsive documents for named plaintiffs and consent filers.  If defendants find no additional responsive documents, they will so certify.

12. The Court finds, based on the representations of the parties, that the disputes involving RFPs 1, 9, 18, 20, and 21 have been resolved.  The Court will deny the motion to compel with respect to these RFPs as moot.

13. The Court sets the following deadlines:

    a. Defendants will produce all discovery identified in this order by **September 23, 2016**.

b.  Plaintiffs will file a motion to dismiss deceased plaintiff Dennis Zamora, or a motion to substitute in an executor and/or administrator of his estate, by **September 23, 2016**.

c.  Plaintiffs will file their motion for class certification by **October 14, 2016.**

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge